UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SOUTHEAST MISSOURI HOSPITAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 1:07cv0031 TCM |
| | ) |
| C.R. BARD, INC., | ) |
| TYCO INTERNATIONAL (US), INC. | ) |
| and TYCO HEALTH CARE GROUP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Interim Class Counsel and Liaison Counsel. [Doc. 33] Specifically, Plaintiff, Southeast Missouri Hospital, requests that the firm of Kirby McInerney LLP, a New York-based law firm, be appointed as interim class counsel and that the firm of Cook, Barkett, Maguire & Ponder, L.C. ("Cook, Barkett"), a Missouri-based law firm, be appointed as interim liaison class counsel. Defendants Tyco International (US), Inc., and Tyco Health Care Group ("the Tyco Defendants") oppose the motion, arguing that such appointment is not necessary to protect the interests of the putative class.

## Background

This putative class action was filed in February 2007 by the law firms of Cook, Barkett; Straus & Boies, LLP[1]; and Rusty Hardin & Associates, P.C. Plaintiff alleges that

---

[1]In November 2007, the attorneys with Straus & Boies LLP changed their firm affiliation to Kirby McInerney LLP. They have amended their request accordingly to be that Kirby McInerney LLP be appointed to as interim class counsel.

defendants, C.R. Bard and the Tyco Defendants, manufacture urological catheters, control 90% of the market, and engage in business practices that prevent and eliminate competition in that market. Plaintiff seeks to represent a class of hospitals and other health care providers that directly purchase urological catheters.

Since the filing of this action, the Court has entered a case management order, Plaintiff has filed an amended complaint; and the three defendants have filed motions to dismiss. A motion for class certification must be filed by February 1, 2008; expert witnesses on the certification issue must be disclosed by February 15.

## **Discussion**

"The court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A). When there is one applicant for appointment as class counsel, the court may appoint that applicant as class counsel and if more than one applicant is seeking appointment as class counsel the court may appoint the applicant that would represent the best interest of the class. Id. 23(g)(2)(B). The rule contemplates appointing a lawyer, an entire law firm, or attorneys not necessarily affiliated but collaborating on the case. Fed.R.Civ.P. 23(g)(2) Adv. Comm. Notes on 2003 Amendments. Factors the court must consider in appointing class action counsel include: "the work counsel has done in identifying or investigating potential claims in the case[;] counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action[;] counsel's knowledge of the applicable law[;] and the resources counsel will commit to representing the class[.]" Id. 23(g)(1)(C)(i) (alterations added). See **In re Air Cargo Shipping Servs. Antitrust Litigation**, 240 F.R.D. 56, 57

(E.D. N.Y. 2006) (applying these factors to the appointment of interim class counsel). Thus, the court must consider the adequacy of class counsel, see **Berger v. Compaq Computer Corp.**, 257 F.3d 475, 479 (5th Cir. 2001), who must be free from conflicts of interest, see **Kays v. Pac. Lumber Co.**, 51 F.3d 1449, 1465 (9th Cir. 1995). "The appointment of interim class counsel is discretionary by the Court and is particularly suited to complex actions." **Parrish v. Nat'l Football League Players, Inc.**, 2007 WL 1624601 *9 (N.D. Cal. June 4, 2007) (citing Manual for Complex Litigation, Fourth, § 21.11 (2004)).

> "If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel *may* be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts . . . a number of lawyers may compete for class counsel. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . ."

Id. (quoting Manual at § 21.11) (first alteration added) (emphasis added).

There is no allegation that there are overlapping, duplicative, or competing suits pending in other courts. There is, however, more than one firm named in the pleadings as representing the putative class. There is also no allegation that the firm of Kirby McInerney LLP does not satisfy the criteria set forth in Rule 23(g)(1). Indeed, a review of its resume suggests the opposite.

The Court finds that the designation of the firm of Kirby McInerney LLP as interim class counsel will serve to clarify who bears the responsibility for protecting the interests of the putative class. Plaintiff's motion requesting this appointment will be granted.

Plaintiff also requests the appointment of the firm of Cook, Barkett as interim liaison class counsel. In the circumstances of the instant case, such appointment might confuse,

rather than clarify, the question of who bears the responsibility for protecting the interests of the putative class before certification. Such an effect is the opposite of what Plaintiff seeks to do with its first request. The request for appointment of interim liaison class counsel will be denied. Cf. **Miller v. Beazer Homes USA, Inc.**, 2007 WL 3005332 *3 (N.D. Ga. 2007) (appointing interim liaison class counsel to act at direction of, and assist, interim lead counsel).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Interim Class Counsel and Liaison Counsel is **GRANTED** in part and **DENIED** in part as set forth above. [Doc. 33]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2007.