**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| SOUTHEAST MISSOURI HOSPITAL, and SAINT FRANCIS MEDICAL CENTER, on behalf of themselves and all others similarly situated,  )<br>)<br>)<br>) | |
| Plaintiffs,  )<br>) | Case No. 1:07-00031 (TCM) |
| v.  )<br>) | Magistrate Judge Thomas C. Mummert III |
| C.R. BARD, INC.,  )<br>) | |
| Defendant.  )<br>) | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**Complaint Filed:  February 21, 2007**

To the Ministry of Justice of Denmark:

In the United States District Court for the Eastern District of Missouri, there is pending a case for trial entitled *Southeast Missouri Hospital and Saint Francis Medical Center v. C.R. Bard, Inc.*, and it appears to this court that the just determination of the issues therein presented requires that testimony be taken from the following person who resides in Denmark:

> Coloplast A/S's Corporate Representative
> Coloplast A/S
> Holtedam 1
> DK - 3050 Humlebaek, Denmark
> Tel: +45 49 11 11 11

In addition, a just determination of the issues in these cases requires that documents in the possession, custody or control of the following entity be produced for inspection:

> Coloplast A/S
> Holtedam 1
> DK - 3050 Humlebaek, Denmark
> Tel: +45 49 11 11 11

It is therefore requested that you assist this court in serving the interests of justice by causing the aforementioned person to appear before you, or before a competent officer authorized by you,

and require them to be examined, under oath, on the subject matter attached hereto, and that you have their examinations reduced to writing, and cause the examinations to be returned to this court under cover and duly sealed, addressed to:

> Michael Roche
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, Illinois 60601-9703
> United States of America

It is further requested that you assist this court in serving the interests of justice by causing Coloplast A/S to produce for inspection the documents specified in this Letter of Request at least thirty days prior to the requested examination.

1. Senders:

   The United States District Court for the Eastern District of Missouri
   Thomas F. Eagleton Courthouse
   111 S. 10th Street, Suite 3300
   St. Louis, MO 63102
   United States of America
   tel: +1 (314) 244-7900

2. Central Authority of the Requested State:

   Danish Ministry of Justice
   (Justitsministeriet)
   Slotsholmsgade 10
   1216 Copenhagen K
   Copenhagen, Denmark

3. Persons to whom the executed request is to be returned:

   Michael Roche
   Winston & Strawn LLP
   35 West Wacker Drive
   Chicago, Illinois 60601-9703
   United States of America

   and

   The United States District Court for the Eastern District of Missouri
   Thomas F. Eagleton Courthouse
   111 S. 10th Street, Suite 3300
   St. Louis, MO 63102
   United States of America
   tel: +1 (314) 244-7900

4. Specification of the date which the requesting authority requires receipt of the response to the Letter of Request:

   Date:

   The requesting authority requests a response to this Letter of Request as soon as possible and further requests that the compulsion of testimony and production of documents take place in an expeditious manner.

   Reason for urgency:

   The court has ordered that the discovery cut-off in this action is December 19, 2008. The trial in this matter is expected to take place starting on April 20, 2009.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5. (a) Requesting judicial authority:

   Thomas C. Mummert III
   United States Magistrate Judge
   The United States District Court for the Eastern District of Missouri
   Thomas F. Eagleton Courthouse
   111 S. 10th Street, Suite 3300
   St. Louis, MO 63102
   United States of America
   tel: +1 (314) 244-7900

   (b) To the competent authority of:

   Denmark

   (c) Name of the case and identifying number:

   The pending case for trial is entitled *Southeast Missouri Hospital and Saint Francis Medical Center v. C.R. Bard, Inc.*, and its identifying number is Civil Action No. 1:07-00031

6. Names and addresses of the parties and their representatives (including representatives in the requested state):

   (a) The plaintiffs are:

   (i) Southeast Missouri Hospital
   1701 Lacey Street
   Cape Girardeau, MO 63701

3

      United States of America

 (ii)  Saint Francis Medical Center
     150 S. Mount Auburn Road
     Cape Girardeau, MO 63701
     United States of America

The plaintiffs are represented by:

 (i)  Cook, Barkett, Maguire
    and Ponder, LC
    715 N. Clark, PO Box 1180
    Cape Girardeau, MO 63702-1180

 (ii)  Kirby McIrerney LLP
    825 Third Avenue, 16th Floor
    New York, NY 10022

 (iii)  Straus & Boies LLP
    4041 University Drive
    Fairfax, Virginia 22030

 (iv)  Rusty Hardin & Associates, P.C.
    1401 McKinney St., Ste. 2250
    Houston, Texas 77010

 (v)  McCulley McCluer PLLC
    One Independence Drive, Suite 3201
    Jacksonville, FL 32202

The plaintiffs are represented in Denmark by:

 (i)  N/A

(b) The defendants are:

 (i)  C.R. Bard, Inc.
    730 Central Avenue
    Murray Hill, NJ, 07974
    United States of America

The defendants are represented in the United States by:

 (i)  Kohn, Shands, Elbert,
    Gianoulakis & Giljum, LLP
    One US Bank Plaza, Suite 2410

4

      St. Louis, MO 63101
      United States of America

  (ii)  Winston & Strawn LLP
      35 W. Wacker
      Chicago, IL 60601
      United States of America

  The defendants are represented in Denmark by:

  (i)  N/A

7. Nature of the proceeding(s) for which the evidence is required and a summary of the complaint and necessary facts:

The pending lawsuit is a civil proceeding in which Southeast Missouri Hospital and St. Francis Medical Center ("Plaintiffs") have sued, on behalf of themselves and all others similarly situated, C.R. Bard, Inc. ("Bard"), for violation of the antitrust laws of the United States and the antitrust laws of the State of Missouri.

This lawsuit concerns urological catheters, of which Bard is a leading manufacturer. Urological catheters are flexible tubes that are passed through the urethra to drain the bladder. There are two broad types of urological catheters that are the focus of this lawsuit: intermittent catheters and Foley catheters. Foley catheters can be one of two types: a standard Foley catheter or an infection control Foley catheter, which was created to combat against urinary tract infections.

Group purchasing organizations ("GPOs") are organizations that negotiate contracts with manufacturers such as Bard on behalf of their member hospitals, which comprise one of the largest groups of end users of urological catheter products. Plaintiffs, two hospitals, allege that Bard's contracts with GPOs violated the antitrust laws by blocking other manufacturers from urological catheter markets and inflating the prices customers paid for urological catheters. Specifically, Plaintiffs are alleging that Bard used exclusionary dealing contracts, market share maintenance and compliance contracts, and penalty provisions to preclude other companies from the market.

Plaintiffs are bringing this antitrust class action on behalf of themselves and all others similarly situated. They allege that, as a result of Bard's unlawful conduct, Plaintiffs and all class members were deprived of the opportunity to purchase more effective urological catheters. Plaintiffs seek to recover damages in the form of overcharges paid for urological catheters purchased from Bard pursuant to GPO contracts from January 1, 2003-present.

Rochester Medical Corporation ("Rochester") is a small manufacturer of urinary catheters. Plaintiffs allege that Rochester was effectively blocked from the market by Bard's anti-competitive conduct. More specifically, Plaintiffs allege that Rochester's

5

Release-NF infection control Foley catheter was excluded from the market as a result of Bard's alleged conduct.

In June 2002, Rochester and Coloplast A/S entered into a private licensing agreement whereby Coloplast acquired the exclusive right to market the Release-NF throughout the world under the Coloplast name. However, the deal was terminated sometime in 2006 or 2007.

In 2006, Coloplast A/S acquired Mentor's urology business, which manufacturers urological products that compete with Bard's urological products.

8. Evidence to be obtained:

It is requested that the Danish judicial authority order and direct that Coloplast A/S produce a corporate representative, who is most knowledgeable regarding the topics set forth in Exhibit 1 attached hereto, and that this individual appear at a deposition for use at trial in this case.

It is also requested that the Danish judicial authority compel, by such means as are available to it, Coloplast A/S to inspect and produce the documents requested in Exhibit 2 attached hereto.

9. Identity and address of any person to be examined and requested time and place of examination:

It is requested that testimony be taken from the following employee of Coloplast A/S:

> Coloplast A/S's corporate representative that is most knowledgeable regarding the topics set forth in Exhibit 1 attached hereto.
> Coloplast A/S
> Holtedam 1
> DK - 3050 Humlebaek, Denmark
> Tel: +45 49 11 11 11

It is requested that the examination occur by arrangement of the parties. Defendants further request that the examinations continue until completion in the order and at convenient dates and times agreed to by the parties and the witness, and that the documents requested from Coloplast A/S be produced at least thirty (30) days in advance of the examinations.

10. Statement of the subject matter about which the witnesses are to be examined:

Please see Exhibit 1 attached hereto.

11. Documents or other property to be inspected:

6

       Please see Exhibit 2 attached hereto.

12. Any requirement that the evidence be given on oath or affirmation and any special form to be used:

The witness should be examined under oath or affirmation, or in the alternative, should be instructed on the consequences of giving untruthful and false answers under the laws of Denmark.

13. Special methods or procedures to be followed:

It is requested that:

(a) U.S. counsel for the parties to the action entitled *Southeast Missouri Hospital and Saint Francis Medical Center v. C.R. Bard, Inc.*, now pending in the United States District Court for the Eastern District of Missouri, and counsel for the witness be permitted to attend the testimony of the witness and be entitled to question the witness;

(b) A stenographer and videographer be permitted to record verbatim the examination of the witness; and

(c) All documents listed in Exhibit 2 be produced at least thirty (30) days in advance of the scheduled examination.

14. Specification of privilege or duty to refuse to give evidence under the law of the State of origin:

Under the laws of the United States, the entity may refuse to produce evidence that calls for the disclosure of any communication made in confidence by the entity to counsel or by its counsel to the entity in the course of a request for legal advice by the entity. This privilege is known as the attorney-client privilege. In addition, if the entity performed reviews for the sole purpose of assisting its counsel regarding litigation, the entity may refuse to produce documents concerning such reviews, unless the party seeking the evidence can show a substantial need for the evidence and an inability to obtain the substantial equivalent of the evidence by other means without undue hardship. This is known as the attorney work product doctrine. If any documents are withheld on either of these grounds, a statement to that effect must be made and any documents withheld on any of these grounds must be identified to the party seeking the documents in writing. The Requesting Authority recognizes that the witness may refuse to give evidence insofar as he has a privilege under the law of Denmark.

15. The fees and costs:

The fees and costs incurred that are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by C.R. Bard, Inc., c/o Winston & Strawn LLP, 35 W. Wacker, Chicago, Illinois, 60657, United States of America.

7

16. Date of request:

This \_\_\_th day of _____, 2008

17. Signature and seal of requesting authority:

_____

Thomas C. Mummert III
United States Magistrate Judge
The United States District Court for the Eastern District of Missouri
Thomas F. Eagleton Courthouse
111 S. 10th Street, Suite 3300
St. Louis, MO 63102
United States of America
tel: +1 (314) 244-7900

_____

Clerk of Court
The United States District Court for the Eastern District of Missouri
Thomas F. Eagleton Courthouse
111 S. 10th Street, Suite 3300
St. Louis, MO 63102
United States of America
tel: +1 (314) 244-7900

## **EXHIBIT 1**

1. Coloplast A/S's private licensing agreement with Rochester Medical Corporation, entered into between Coloplast A/S and Rochester Medical in June 2002, including, but not limited to, efforts to enter into this agreement, sales pursuant to this agreement, and the subsequent termination of this agreement.

2. Coloplast A/S's acquisition of Mentor's urology business.

3. Mentor's sales of urological catheters, including, but not limited to, the sales of infection control or anti-microbial Foley catheters manufactured by Mentor's urology business.

## **EXHIBIT 2**

1. Copies of all documents produced by Coloplast A/S in the litigation captioned *Rochester Medical Corp. v. C.R. Bard, et al.* ("*Rochester*"), pending in the United States District Court for the Eastern District of Texas, Civil Action No. 504 CV 060. These documents were produced by Coloplast on 10/21/2005 and 12/16/2005 pursuant to a third party subpoena served by Defendant Premier, Inc.  (alternatively, Coloplast A/S can comply with this request by consenting to the production of these documents in the present case, as Bard still has possession of these document pending termination of the *Rochester Medical* case, but is prohibited from producing them under the *Rochester Medical* protective order without Coloplast A/S's consent).

2. All documents from 2005-present regarding any proposed or actual agreement between Coloplast and Rochester Medical concerning the sale, distribution, or manufacture of Rochester Medical Products.

3. All documents from 2005-present regarding any negotiations conducted by and between Coloplast and Rochester Medical in an effort to enter into a marketing, manufacturing, or distribution agreement regarding Rochester Medical Products.

4. All documents from 2005-present regarding Coloplast's business strategy in pricing, marketing, distributing, or manufacturing Rochester Medical Products, including but not limited to documents relating to any actual or potential obstacles to marketing, distributing, or manufacturing Rochester Medical Products.

5. All documents from 2005-present regarding the termination or non-renewal of any marketing, manufacturing, or distribution agreement between Rochester Medical and Coloplast, including, but not limited to, Coloplast's decision in 2006 or 2007 to terminate its agreement regarding the marketing and distribution rights for the Release-NF catheter.

6. All documents from 2005-present sufficient to show Coloplast's total annual sales of Rochester Medical Products made through any marketing, manufacturing, or distribution agreements with Rochester Medical.

7. All documents from 2005-present relating to any clinical trial or evaluation of Rochester Medical Products, including but not limited to all documents relating to the performance or effectiveness of Rochester Medical Products in tests or clinical use.

8. All documents from 2003-present concerning Coloplast's decision to acquire Mentor' urology business.

9. Documents sufficient to show the price paid by Coloplast to acquire Mentor's urology business.

10. Documents sufficient to show all infection control or anti-microbial Foley catheters manufactured by Mentor's urology business or sold by Mentor's urology business under a private label agreement from 2003-present.

11. Documents sufficient to show, on a product-by-product, transactional basis, sales (by units and dollars) by Mentor's urology business of the following products from 2003-present, including but not limited to private label products:

    a. Standard Foley catheters.

    b. Infection control or anti-microbial Foley Catheters.

    c. Intermittent catheters.

    d. Male external catheters.

This information should identify the purchasing entity (including name and address), the Group Purchasing Organization (including, but not limited to, Novation, Premier, MedAssets, Amerinet, Broadlane, and HealthTrust Purchasing Group) contract, Integrated Delivery Network contract or other agreement governing the purchase, and the pricing tier.

12. All documents relating to any evaluation, report, or study from 2003-present concerning the efficacy of any of Mentor's or Coloplast A/S's anti-infection or anti-microbial urological catheter products.

11