UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ST. FRANCIS MEDICAL CENTER, on behalf of itself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case no. 1:07cv0031 TCM |
| C.R. BARD, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on the $89,143.91 bill of costs submitted by defendant, C.R. Bard, Inc. ("Bard"), and objected to by plaintiff, St. Francis Medical Center ("Plaintiff"). Specifically, Bard moves for an award of $460.00 for fees of the Clerk; $1,280.00 for fees for service of summons and subpoenas; $85,203.61 for fees of the court reporter; $200.00 for witnesses' fees; and $2,000.40 for fees for exemplification and copies of papers necessarily obtained for use in the case.[1]

A district court has substantial discretion in awarding costs. **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 762 (8th Cir. 2006); **Smith v. Tenet Healthsystem SL, Inc.**, 436 F.3d 879, 889 (8th Cir. 2006). "'A prevailing party is presumptively entitled to recover all of its costs.'" **168th and Dodge, LP v. Rave Reviews Cinemas, LLC**, 501 F.3d 945, 958 (8th Cir. 2007) (quoting In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005)). "The losing party bears the burden of overcoming th[is] presumption . . . , meaning that the losing

---

[1] Bard originally moved for an award of $94,682.31 in costs. It amended its request after Plaintiff filed its objections. Consequently, the Court will only address those costs that are still in dispute.

party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" **Id.** (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)).  Not all expenses of litigation are costs taxable against the losing party, however, and those that are taxable are defined in 28 U.S.C. § 1920.  See **Brisco-Wade v. Carnahan**, 297 F.3d 781, 782 (8th Cir. 2002); **Pershern v. Fiatallis North America, Inc.**, 834 F.2d 136, 140 (8th Cir. 1987).  Moreover, a bill of costs should always be given careful scrutiny.  **Koppinger v. Cullin-Schiltz and Assocs.**, 513 F.2d 901, 911 (8th Cir. 1975).

Fees of the Clerk.  There is no dispute whether the $460.00 sought is taxable.

Fees for service of summons.  In response to Plaintiff's objections to $40.00 for service of a subpoena on John Burns, Bard has deleted this amount.  The remaining $1,280.00 will be taxed.

Fees of the court reporter.  At $85,203.51, these fees are the greatest portion of the submitted bill and of the objections thereto.  The objections fall into of one of four categories: (a) costs for both court reporter and videographer fees for forty-three depositions; (b) costs for depositions of twenty-nine witnesses whose testimony was not cited in Bard's motion for summary judgment or this Court's memorandum and order; (c) costs for text/video synchronization of seven depositions; and (d) "excessive" transcript costs for three depositions.[2]

As noted by Bard, following the Eighth Circuit's holding in **Craftsmen Limousine, Inc. v. Ford Motor Co.**, 579 F.3d 894, 897-98 (8th Cir. 2009), that video deposition costs

---

[2]Plaintiff also objected to $2,685 in costs for depositions taken before the case was filed and without notice to, or participation of, Plaintiff and to $557.60 in costs for court reporter fees in another case.  Bard has withdrawn its request for these costs.

are taxable, this Court has held that the costs of both transcript and video depositions are taxable. See Avante Int'l Tech. Corp. v. Premier Elec. Sys., Inc., No. 4:06cv0978 TCM (E.D. Mo. Oct. 7, 2009); accord Advanced Software Design Corp. v. Fiserv, Inc., 4:07cv0185 CDP (E.D. Mo. Oct. 23, 2009). With the exception of certain witnesses, the Court will tax the costs of both the stenographic and video transcripts of depositions. The Court finds no authority, however, for taxing as costs the fees for text/video synchronization of seven depositions. Bard elected to have the depositions transcribed and videotaped. The burden of synchronizing the two media should not fall on Plaintiff. The amount of $1,610.00 will not be allowed.

In support of its deposition costs for twenty-nine witnesses whose testimony was not cited in support of its motion for summary judgment, Bard argues that seven witnesses were current or former Bard employees whose depositions Plaintiff requested; four were Plaintiff's employees; five were employees of a former plaintiff, Southeast Missouri Hospital; four were Bard's experts or a consultant whose depositions Plaintiff requested; one was an expert of Plaintiff; five were employees of Bard's competitors or of Group Purchasing Organizations (GPOs); and three were hospital or patient witnesses whose depositions Plaintiff requested.

Other than designating fourteen witnesses as employees of Plaintiff, Southeast Missouri Hospital, Bard's competitors, or of GPOs, Bard does not explain why the depositions of these witnesses – whose testimony was not cited in its motion for summary judgment – were "necessarily obtained for use in [the] case" and were not "purely investigate." **Smith**, 436 F.3d at 889. Cf. **168th and Dodge**, 501 F.3d at 958 (finding no abuse of discretion in awarding costs of depositions cited in support of summary judgment

motion). These witnesses and the related deposition costs are: D. Phillips ($1,689.45); D. Gammon ($3,494.10); G. Tripp and T. Balsano ($3,172.49); D. Keating ($756.26); C. Florek ($2,076.56); J. DeLuca ($2,768.03); J. Hargette ($3,587.20); F. True ($1,197.75); D. Berry, J. McGuire, L. Martin, and R. Macklam ($2,887.50); and B. Brinker ($2,269.35). The deposition costs for D. Gammon were indistinguishable from those of W. Tegel. Court reporter fees for W. Tegel in the amount of $2,306.00 are also separately listed. Because Bard has failed to distinguish between the costs for Gammon and Tegel, Bard will bear the repercussion of having the entire sum not taxed. The total of $23,198.99 will not be taxed.

Fourteen of the twenty-nine challenged depositions were taken at Plaintiff's request. Of those fourteen, ten are or were Bard employees or experts. Although the Court will allow as taxable costs the expenses for both stenographic and video depositions in the context of the witnesses whose testimony Bard cited in support of its motion for summary judgment, to allow both such methods to be taxed in favor of Bard in the context of witnesses whose depositions were taken at the behest of Plaintiff and who are or were Bard employees or experts is too simply a transfer of the costs for Bard's litigation style to Plaintiff to be acceptable.[3] The Court finds that the qualification of § 1920(2) that the taxable costs be for recorded transcripts "necessarily obtained for use in the case" does not apply, in the instant case, to two methods of recording depositions which Bard did not notice and which were of its employees or experts or consultant. Accordingly, the costs of the videotaped depositions of J. Bailey ($500.00); S. Williams and B. Schrader ($1,355.89); J.

---

[3]Indeed, the Court notes that not all the depositions of challenged witnesses were video-recorded.

Liddell ($497.50); D. Fish ($405.00); T. Pirtle ($310.00); M. Mayo ($402.50); C. James ($592.50); and W. Jarvis ($897.50) – a total of $4,960.89 – will not be taxed.[4]

Included in Bard's initial bill of costs were five separate real time transcript fees. Although four of these requests have been withdrawn, one for $210.00 for a real time transcript for a B. Smith deposition has not been. This sum also will not be taxed.

Plaintiff also challenges the "excessive" costs for three depositions, noting that Bard's claimed amounts are more than twice the fees Plaintiff paid. Specifically, Bard seeks $3,651.51 for costs of a May 2008 deposition of H. Singer, but Plaintiff paid only $1,757.60, and $3,790.94 for costs of an October 2008 deposition of H. Singer, but Plaintiff paid only $1,267.50.[5] Bard correctly notes, however, that as the noticing party it had to pay the costs for an original, certified transcript.

Both the bills for Singer's deposition include an extra charge for rush delivery. The total charge, $105.00, will not be taxed. See **Smith**, 436 F.3d at 889 ("Section 1920 does not authorize taxing [the losing party] for the [prevailing party's] postage and delivery expenses."). The remaining total for the two depositions, $7,133.71, will be taxed.

To summarize, of the $85,203.51 sought by Bard for court reporter fees, the following amounts will not be taxed: $1,610.00; $23,198.99; $4,960.89; $210.00; and $105.00. The deduction of the total, $30,084.88, results in $55,118.63 be taxed as fees of the court reporter.

---

[4]See note 3, supra.

[5]Plaintiff also challenges the $3,587.20 sought by Bard for a deposition of J. Hargette when Plaintiff paid only $871.25. As noted above, however, Hargette's deposition costs will not be taxed at all.

Fees for exemplification and copies of papers necessarily obtained for use in the case. Plaintiff challenges $2,446.00 of the $3,906.20 originally sought by Bard for copying charges, arguing that this amount is for copies of documents that were never filed with the Court in support of Bard's motions to compel, as indicated on Bard's supporting documentation. Bard counters that $102.20 was for copying costs for papers that were filed in support of the motions and withdraws $1,905.80 in claimed costs for the remaining copies associated with the motions to compel. The Court has added the number of papers identified by Bard as being submitted with their motion to compel and finds that Bard's figure accurately reflects those challenged pages. Subtracting the withdrawn sum from the initial amount, the Court will allow $2,000.40 to be taxed for copying costs.

Request for Stay. Plaintiff seeks a stay of an award of costs pursuant to Rule 62(d) of the Federal Rules of Civil Procedure.[6] Bard opposes one. The Court finds that a stay is appropriate and will grant one to be effective when Plaintiff posts a supersedeas bond in the amount of $59,059.03. See Roark v. South Iron R-1 School Dist., No. 4:06cv0392 CDP, 2009 WL 3429589, * 1 (E.D. Mo. 2009) (noting that stay of award of fees and costs had previously been granting); Halbach v. Great-West Life & Annuity Ins. Co., No. 4:05cv2399 ERW, 2009 WL 214671, * 3 (E.D. Mo. 2009) (granting stay of execution of costs award).

For the foregoing reasons,

---

[6]Rule 62(d) provides, in relevant part, that:

If an appeal is taken, the appellant may obtain a stay by supersedeas bond, . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

**IT IS HEREBY ORDERED** that the Clerk of Court shall tax the following costs in favor of defendant, C.R. Bard, Inc., and against plaintiff, St. Francis Medical Center:

| | |
|---|---:|
| Fees of the Clerk | $ 460.00 |
| Fees for service of summons | 1,280.00 |
| Fees of the court reporter | 55,118.63 |
| Fees for witnesses | 200.00 |
| Fees for exemplification | 2,000.40 |
| **Total Taxable Costs** | $59,059.03 |

**IT IS FURTHER ORDERED** that a stay in the enforcement of this award of costs is granted effective upon St. Francis Medical Center posting a supersedeas bond in the amount of $59,059.03.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of May, 2010.